Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff*,
*Rosa Ramirez Flores*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA RAMIREZ FLORES,<br><br>Plaintiff,<br><br>v.<br><br>FALCK USA, INC. f/k/a CARE AMBULANCE SERVICES, INC; CMRE FINANCIAL SERVICES, INC.; CREDENCE RESOURCE MANAGEMENT, LLC; HUNTINGTON PARK EMERGENCY PHYSICIANS, INC.<br><br>Defendants. | Case No. 8:23-cv-00026<br><br>**Plaintiff's Complaint AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br>3. Cal. Civ. Code § 3345<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Rosa Ramirez Flores ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Falck USA, Inc. f/k/a Care Ambulance Services, Inc., ("CAS"), CMRE Financial Services, Inc. ("CMRE"), Credence

Resource Management, LLC ("CRM"), and Huntington Park Emergency Physicians, Inc. ("HPEP").

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint is based upon the FDCPA and RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices connection with the collection of consumer debts.

2. Count III of Plaintiff's Complaint is based upon Cal. Civ. Code § 3345, which allows, in an action brought by a disabled person to redress unfair or deceptive acts or practices or unfair methods of competition, recovery up to three times greater than authorized by the statute, or where, the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

## JURISDICTION AND VENUE

3. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

4. Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

5. Because Defendants conduct business within the County of Los Angeles, State of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8. Plaintiff is a "disabled person" as defined by Cal. Civ. Code § 1761(g).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person residing in Huntington Beach, California.

11. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

12. As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

13. Defendants allege Plaintiff owed them money arising out of medical services performed upon Plaintiff by Defendants for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was

extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Plaintiff allegedly owed a monetary debt to Defendants, which makes Defendants a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

15. Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

16. Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17. Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of themselves, and is therefore both a "debt

collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

18. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

19. At all relevant times herein, Defendant CAS was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, C T Corporation System, located at 330 N Brand Blvd., Glendale, CA 91203.

20. At all relevant times herein, Defendant CMRE was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served at through its agent for service of process, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr. Ste 150N, Sacramento, CA 95833.

21. At all relevant times herein, Defendant CRM was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C.

§ 1692a(6). Defendant can be served at through its agent for service of process, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr. Ste 150N, Sacramento, CA 95833.

22. At all relevant times herein, Defendant HPEP was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served at its principal place of business located at 898 N Pacific Coast HWY, Ste 600, El Segundo, CA 90245.

23. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

24. On or about October 5, 2021, Plaintiff was injured in a work-related accident which required emergency medical treatment or services.

25. As a result of the work-related accident, emergency responders were called to Plaintiff's workplace.

26. Defendant CAS arrived at Plaintiff's place of employment, provided emergency medical services and transferred her to Community Hospital of Huntington Park ("CHHP") to receive further emergency medical care/services as a result of her work-place accident.

27. As such, Defendant CAS knew or should have known that Plaintiff's injuries were the result of a workplace accident.

28. Upon arrival to CHHP, Plaintiff was provided medical treatment/services by Defendant HPEP.

29. Upon information and belief, Defendant HPEP was informed by Defendant CAS that Plaintiff was injured in a workplace accident, that CAS had picked up Plaintiff from her place of employment and thereafter transferred her to CHHP.

30. As such, Defendant HPEP, and the hospital staff at CHHP, knew or should have known that Plaintiff's injuries were the result of a workplace accident.

31. Furthermore, during Plaintiff's visit in or around October 2021, she informed the medical providers and hospital staff that her injuries were the result of her work-place accident that occurred earlier that same day.

32. Defendants are attempting to collect an alleged debt from Plaintiff related to her workplace injury.

33. Despite have knowledge that Plaintiff's injuries are the result of a workplace accident, Defendants began attempting to collect from Plaintiff directly and sent Plaintiff bills for collection for medical services she was not legally responsible for.

34. Having been advised by Plaintiff at the time of treatment, Defendants possessed specific information regarding Plaintiff's injury, including the fact that it was a work-related injury; a critical fact which Defendants knew or should have known.

35. Plaintiff's employer accepted liability for the injuries she suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to her work-place injury is not Plaintiff's legal responsibility.

36. In or around January 2022, Plaintiff received a medical bill from Defendant HPEP for her October 2020 emergency room visit.

37. The bill was attempting to collect an amount of $620.00, of which Plaintiff is not responsible for.

38. The bill was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

39. In or around February 2022, Plaintiff received a medical bill from Defendant CAS for her October 2020 emergency medical transportation services.

40. The bill was attempting to collect an amount of $1,777.00, of which Plaintiff is not responsible for.

41. The bill was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

42. Upon information and belief, Defendants placed debt collection calls to Plaintiff in an attempt to collect on the alleged debt.

43. Upon information and belief, Defendants knew or should have known that Plaintiff is a Spanish speaking individual.

44. Upon information and belief, Defendants placed debt collection calls but Defendants' representatives only spoke English, so they could not communicate with the Plaintiff.

45. In or around May 2022, Plaintiff received a collection letter from Defendant CRM for her October 2020 emergency medical transportation services.

46. The collection letter was attempting to collect an amount of $1,777.00, of which Plaintiff is not responsible for.

47. The letter was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

48. On or about December 15, 2022, Plaintiff received a collection call from 989-250-8720.

49. Upon information and belief, the number belongs to Defendant CMRE.

50. During the call, Plaintiff spoke with an individual named Susie.

51. During the call, Susie failed to inform Plaintiff that it was CMRE who was contacting Plaintiff.

52. During the call, Susie failed to inform Plaintiff that CMRE was a debt collector and was attempting to collect a debt.

53. During the call, Susie failed to inform Plaintiff that any information obtained will be used for the purpose of attempting to collect a debt.

54. During the call, Susie only informed Plaintiff that she owed money for medical treatment/services related to her visit to CHHP.

55. However, Susie failed to inform Plaintiff to whom the debt was allegedly owed.

56. Susie further failed to inform Plaintiff of the disclosures as required under 15 U.S.C. § 1692g(a), including:

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

d. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

e. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

57. The December 15, 2022 call with Defendant CMRE was the initial communication with Plaintiff.

58. Defendant CMRE failed to provide Plaintiff with the disclosures required under 15 U.S.C. § 1692g within 5 days of the initial communication.

59. When the call ended, Plaintiff was left confused as to who she owed money to, and what company Susie was calling from.

60. Due to Defendants' abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

61. Plaintiff was under the belief that all medical services she received that were related to her workplace injury were not her responsibility and would be paid for by her employer, which is what the law mandates.

62. Plaintiff was repeatedly told by her workers compensation attorney that she was not responsible for the medical service related to her workplace injury, but the repeated collection letters caused her to doubt her attorney.

63. Defendants had in its possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendants sent Plaintiff medical bills and collection letters in an attempt to collect on a debt Plaintiff is not legally responsible for.

64. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

65. The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.*, No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

66. Defendants attempted to collect a debt regarding Plaintiff's medical treatment at CHHP stemming from a work-related injury covered by workers' compensation.

67. The alleged debt Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

68. Moreover, Plaintiff is a disabled person as defined by Cal. Civ. Code § 1761(g).

69. Plaintiff's injury left her unable to walk for several months, which meant she could not work.

70. Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

71. Defendants' conduct was directed towards Plaintiff, a disabled person.

### COUNT I
### ALL Defendants
### (Violations of RFDCPA, CAL. CIV. CODE § 1788 *et seq.*)

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the

provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

    ii. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    iii. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

    iv. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

    v. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

    vi. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

vii. Defendant CMRE violated 15 U.S.C. § 1692g by failing to provide Plaintiff with the disclosures as required under § 1692g(a)(1)-(5).

74. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

75. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
**Defendant CMRE and CRM**
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Defendant CMRE violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose in its communications that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose;

f. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

g. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

    h. Defendant CMRE violated 15 U.S.C. § 1692g by failing to provide Plaintiff with the disclosures as required under § 1692g(a)(1)-(5).

78. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

79. As a result of the foregoing violations of the FDCPA, CMRE is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

### COUNT III
### ALL Defendants
### (Violations of CAL. CIV. CODE § 3345)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Cal. Civ. Code § 3345(a) provides that this section will apply in an action brought by disabled persons to redress unfair competition or deceptive acts.

82. Cal. Civ. Code § 3345(b) allows a disabled person to recover up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding.

83. Plaintiff is a disabled person as defined by Cal. Civ. Code § 1761(g).

84. Plaintiff's workplace injury left her unable to walk for several months, and unable to work.

85. Defendants engaged in unfair competition and/or deceptive acts in its unlawful collection activity, including but not limited to, sending collection letters/statements in an attempt to mislead Plaintiff and collect from her amounts of money she does not in fact owe.

86. As a result of Defendants' conduct and violations, Defendants are liable to Plaintiff for three times greater than authorized by the FDCPA and RFDCPA.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Rosa Ramirez Flores, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendant CMRE and CRM violated the FDCPA;

B. Statutory damages against Defendant CMRE and CRM of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages against Defendant CMRE and CRM pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees against Defendant CMRE and CRM pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

E. Declaratory judgment that Defendants violated the RFDCPA;

F. Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

H. Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I. Treble damages pursuant to Cal. Civ. Code § 3345;

J. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

K. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

//

Respectfully submitted this 6th day of January 2023.

> By: */s/ Youssef H. Hammoud*
> Youssef H. Hammoud (SBN: 321934)
> **HAMMOUD LAW, P.C.**
> 3744 E. Chapman Ave., #F12269
> Orange, CA 92859
> T: (949) 301-9692
> F: (949) 301-9693
> E: yh@lawhammoud.com
>
> *Attorneys for Plaintiff,*
> *Rosa Ramirez Flores*